RICHARD D. WILLIAMS (SBN 58640)
rwilliams@lyttonwilliams.com
MINA HAKAKIAN (SBN 237666)
mhakakian@lyttonwilliams.com
**LYTTON & WILLIAMS LLP**
1539 Westwood Blvd., Suite 200
Los Angeles, California 90024
Tel.: (310) 982-2733; Fax: (310) 277-5952

Attorneys for Plaintiff,
**CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE dba SAN JOSE NEUROSPINE**

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE dba SAN JOSE NEUROSPINE**, A California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>**BLUE CROSS OF CALIFORNIA,** dba **ANTHEM BLUE CROSS**, A California Corporation; and **Does 1 through 100**;<br><br>Defendants | Case No. 3:18-cv-4777<br><br>**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)** |

Plaintiff, California Spine and Neurosurgery Institute dba San Jose Neurospine, a California corporation, ("Plaintiff" or "SJN") alleges as follows:

**I.   JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, and pursuant to 29 U.S.C. § 1132 (e)(1) because the action seeks to enforce rights under the Employee Retirement Income Security Act of 1974 ("ERISA").

2. This Court is the proper venue for the action pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this Judicial District, and pursuant to 29 U.S.C. § 1132

(e)(2) because this is the Judicial District where the breaches took place, and because the Defendant conducts a substantial amount of business in this Judicial District.

## II. THE PARTIES

### A. The Plaintiff

3.  SJN is a corporation organized under the laws of the state of California, with its principal place of business located in the Northern District of California.

4.  SJN specializes in sophisticated surgical procedures involving minimally invasive spinal decompressive techniques; motion preserving spinal techniques; endoscopic spinal fusion techniques; robotic computer assisted image guided surgery; complex spinal reconstruction; chiari decompression; transphenoidal surgery; and microvascular decompression surgery. SJN and its principal, Dr. Adebukola Onibokun, possess and utilize world class expertise in the field of minimally invasive surgical techniques.

### B. The Defendant

5.  Blue Cross of California dba Anthem Blue Cross (hereinafter referred to as "Anthem Blue Cross") is a corporation organized and existing under the laws of California, with its principal place of business located in Woodland Hills, California.

6.  Anthem Blue Cross does business as the underwriter and or claim administrator of corporate health insurance plans governed pursuant to the provisions as ERISA ("ERISA Plans" or "Plans"). SJN is informed and believes that it is the responsibility of Anthem Blue Cross to participate in deciding which healthcare benefits claims will be paid under the Plans; how much will be paid; and which benefits claims will not be paid - - and thereafter to pay benefits to claimants such as SJN directly out of ERISA Plan assets. SJN alleges on information and belief that it is Anthem Blue Cross, and not the ERISA Plans themselves, that has the responsibility and actual control to make benefits determinations for the healthcare services claims such as those made by SJN in this case.

7.  The patient for whom surgical services were provided by SJN as

applicable in this case is designated herein as "HR" for privacy. Patient HR is a member of an ERISA Plan issued by Bank West, and a copy of the Anthem Blue Cross member card issued to patient HR is attached hereto as Exhibit A with patient identifier information redacted.

8. SJN does not bring this suit against the ERISA Plan for whom Anthem Blue Cross acted as administrator or insurer in connection with SJN's claim in this action. Plaintiff is informed and believes that Anthem Blue Cross, and not the ERISA Plan, exercised actual control over the determination and payment of the benefits claim submitted by SJN, and Plaintiff is further informed and believes that, with respect to the claim in this action, Anthem Blue Cross acted as a claim review fiduciary, either as third party administrator of a self funded employer-sponsored Plan, or as the insurer for Plan.

### C. The Doe Defendants

9. The true names and capacities of the Defendants sued herein as DOES are unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants by fictitious names. Plaintiff is informed and believes that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, and may be financially responsible to Plaintiff for services, as alleged herein. The Complaint will be amended to allege the DOES' true names and capacities when they have been ascertained.

### III. CORE FACTS UNDERLYING THE SJN CLAIMS FOR PAYMENT

10. SJN provided surgery services to Patient HR on January 19, 2017. SJN submitted its billing claim form to Anthem Blue Cross on or about February 2, 2017 in the amount of $93,000.00.

11. Thereafter, on or about August 14, 2017, Anthem Blue Cross processed and paid the claim of SJN, but only in the total amount of $2,095.34. The Claim Status Detail report submitted to SJN by Anthem Blue Cross set forth that $1,396.89

3
**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

1  was applied to patient co-insurance, $601.15 was applied to patient deductible, and
2  $88,906.62 of the billed amount was deemed "non-covered" on the basis that it
3  exceeded maximum allowable amount.

4        12.    When Plan members and/or their dependents came to SJN for medical
5  services they would present medical insurance cards in the name of Anthem Blue
6  Cross, and the relevant insurance contact information on each medical insurance card
7  would direct SJN to an Anthem Blue Cross office locations and telephone number.
8  As a condition to the provision of services by Plaintiff, each patient was required to
9  sign an agreement assigning their ERISA Plan rights and benefits to Plaintiff in their
10 entirety.  Each such assignment of benefits would provide for Plaintiff to be paid
11 directly for the services provided to the patient, and Plaintiff has received a written
12 assignment of benefits from patient HR which designates Plaintiff in such manner
13 that Plaintiff would stand in the shoes of the member patient to seek, claim and obtain
14 anything that the member/patient would have been entitled to receive under the
15 applicable healthcare coverage administered and/or underwritten by Anthem Blue
16 Cross.  A true and correct copy of SJN's assignment agreement for patient HR is
17 attached hereto as Exhibit B.

18       13.    SJN's practice is to have its office staff contact a Defendant entity
19 representative by telephone for benefit eligibility confirmation and member coverage
20 verification prior to performing any surgery services.  The practice was that SJN's
21 office personnel and the Defendant entity representative would discuss the proposed
22 surgery event by telephone in advance of the services being performed, and in each
23 such telephone communication the Defendant entity representative would advise
24 SJN's representative that coverage existed for the patient and that benefits were
25 properly payable to SJN as an "out-of-network" provider.  The following sets forth in
26 summary form the substance of the telephonic communication between SJN's
27 representative and the Defendant entity representative which occurred prior to surgery
28 services being performed in connection with SJN's claim asserted in this case.

(a) SJN's representative would call the Defendant entity claims office on the toll free line set forth on the member identification card presented by the patient.

(b) The answering party would identify himself or herself as a representative of the Defendant entity, thereby confirming to Plaintiff that the communication was with the authorized claims administrator for the Plan.

(c) SJN was an "out-of-network" provider to the Plan, and accordingly was calling the Defendant entity in advance of performing services to ensure in each instance that it would be paid for its services.

(d) In the claim call, Plaintiff's representative would advise the Defendant entity representative of the identity of the Plan member or dependent; the CPT code for the surgical procedure to be performed (the CPT code is the medical procedure descriptive identifier; CPT means "Current Procedural Terminology"); and that the purpose of the call was to verify the existence of coverage for the patient and the eligibility of SJN for payment of benefits as an out-of network service provider.

(e) The Defendant entity representative would respond by advising SJN's representative about the percentage of out-of-network billing covered under the Plan (typically between 50% and 100%); the type of account; the amount of patient deductible; and that benefits would in fact be payable to SJN based on the CPT code provided.  The Defendant entity representative would also advise Plaintiff whether specific pre-authorization for the proposed surgical procedure was not required.

(f) After the Defendant entity representative verified that the specified treatment was covered and that SJN as an out-of-network provider was eligible for payment, Plaintiff would perform the surgical event for which verification was obtained.

14. SJN relied and reasonably relied on the Defendant entity telephonic representations: (a) by providing surgery services to patient HR in response to the Defendant entity affirmation that SJN was eligible to receive benefits; and (b) by providing surgery services to other ERISA Plan members and their dependents on an ongoing basis in reliance upon the Defendant entity repeated representations that these patients were covered and that SJN was eligible to receive out-of-network benefits on the benefits payment formulations as stated.  But for the advance representations of the Defendant entity representative in setting out the applicable benefits payment formulations, SJN would not have provided, or continued to provide surgery services to Plan members and dependents for Plans issued or administered by Anthem Blue Cross.

15. At no time during any of the pre- -surgery telephone communications was Plaintiff ever advised that Anthem Blue Cross was planning to assert or intended to assert an "anti-assignment clause" in any ERISA Plan document as a basis to bar payment to Plaintiff in claim circumstances where Plaintiff was seeking payment pursuant to patient assignments of benefits. The opposite is true - - in each telephone communication the Defendant entity representative advised Plaintiff's representative that Plaintiff was eligible to receive payment as an out of network provider, and at no time was any statement made that an anti-assignment clause would be asserted by Anthem Blue Cross as a grounding to bar payment. If Defendant entity representatives would have stated in any of these telephone communications that Anthem Blue Cross intended to reply upon an anti-assignment clause as a basis to bar payment, Plaintiff would not have performed surgery center facility services for the ERISA Plan in question, or any of its members or their dependents. SJN's billing form submitted to Anthem Blue Cross contained an "x" in the box marked "Accept Assignment?" thereby indicating to Anthem Blue Cross from the outset of the claim submittal process that the SJN claim was premised upon an assignment of patient benefits. The billing form for patient HK is attached hereto as Exhibit C, with patient identifier information redacted.

16. The charges for healthcare services submitted by SJN to Anthem Blue Cross were in all instances usual, customary and reasonable, and in accord with SJN's charges to non-Medicare patients insured by companies other than the Defendant entities. Anthem Blue Cross has abused its discretion and acted in an arbitrary and capricious manner by failing and refusing to honor and pay SJN's claim in accordance with ERISA requirements, practices and provisions, and SJN has suffered resulting damages in an amount to be proven at trial.

**V.  <u>SJN HAS STANDING TO PURSUE CLAIMS UNDER ERISA FOR PAYMENT OF BENEFITS AND ATTORNEY'S FEES</u>**

17. ERISA governs all aspects of health and medical benefits under ERISA Plans, and authorizes a civil action to recover unpaid benefits and attorney's fees.

18. SJN has standing to sue under ERISA as an assignee of benefits due to Plan members and their dependents. A member or dependent of a member is expressly empowered by section 1132 (a) of ERISA to sue for denial of benefits, and nothing in ERISA precludes a Plan member or a dependent of a member from validly assigning its right to benefits. In the event of such an assignment, the assignee (SJN in this case) stands in the shoes of the member or dependent with full standing to sue for benefits.

19. Anthem Blue Cross in this action is the proper party defendant in an ERISA benefits recovery action. See, *Harris Trust & Sav. Bank v. Salomon, Smith Barney, Inc.,* 530 U.S. 238, 247 (2000); *Cyr v. Reliance Standard Life Ins. Co.,* 647 F. 3d 1202 (9th Cir. 2011).

## VI.  SJN HAS EXHAUSTED ADMINISTRATIVE REMEDIES

20. For the claim event in this action, Anthem Blue Cross provided an "Explanation of Benefits" document which purported to explain the reductions applied with respect to SJN's billing submittal. However, the EOB was woefully deficient in its explanation fo the purported grounding for the reduction and/or non-payment of SJN's bills. A statement that the SJN billing exceeds maximum allowable amount is a meaningless non sequitur, and provides no explanation or basis for reduction at all.

21. On April 17, 2017, SJN appealed the billing reductions asserted in connection with the claim in this case, without response from Anthem Blue Cross. However, and irrespective of the appeal being submitted, Anthem Blue Cross has violated the applicable claims procedure regulations governing ERISA Plans as set forth in 29 C.F.R. §2560.503-1 (b). Of particular significance in this case are the regulations dealing with "Manner and Content of Notification of Benefit Determination" set forth in 29 C.F.R. §2560.503-1 (g) (1). That section requires that the plan adminstrator shall provide a claimant with a written or electronic notification of any adverse benefit determination. The regulations require the following:

7
**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

"The notification shall set forth, in a manner calculated to be understood by the claimant –

    (i)    The specific reason or reasons for the adverse determination;

    (ii)    reference to the specific plan provisions on which the determination is based;

    (iii)    a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

    (iv)    a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502 (a) of the Act following an adverse benefit determination on review."

22.    These notification requirements were not met in the present action, and the regulations are specific about the consequence of a failure by Anthem Blue Cross to comply with notification requirements. 29 C.F.R. § 2560.503-1 (1) provides:

"1.    <u>Failure to Establish and Follow Reasonable Claims Procedure:</u> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502 (a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

23.    SJN is deemed by law to have exhausted administrative remedies because Anthem Blue Cross failed to establish and follow reasonable claims procedures as required by ERISA. Anthem Blue Cross has failed to process claims submitted by the Plaintiff in a manner consistent or substantially in compliance with ERISA regulation 29 C.F.R. § 2560.503-1. Among other things Anthem Blue Cross:

- failed to set out the specific reason for nonpayment/underpayment of Plaintiff's claims in its responses transmitted to Plaintiff during the administrative review process, including specifically failing to set out any anti-assignment clauses as a reason for nonpayment or underpayment;

- failed to reference the specific Plan provisions upon which its nonpayment/underpayment determinations were based, including specifically failing to reference any anti-assignment clause contained in Plan documents;

- failed to give a description of additional material or information which was needed to pursue and perfect the claims, and an explanation fo why such information was necessary;

8

**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

- failed to provide Plan documents, or internal rules, guidance, protocols or other criteria upon which the nonpayment/underpayment determinations were based;

- failed to state the nonpayment/underpayment determinations in a manner calculated to be understood by Plaintiff, including specifically failing to state in a timely manner that anti-assignment clause(s) in Plan documents would be relied upon as a grounding for underpayment of denial of benefits;

- failed to provide a reasonable opportunity for full and fair review of the nonpayment/underpayment determinations, including specifically failing to state in a timely manner that anti-assignment clause(s) in Plan documents would be relied upon as a grounding for underpayment or denial of benefits;

- employed policies designed to unduly hamper the review and appeal of claims submitted by Plaintiff, including specifically failing to state in a timely manner that anti-assignment clause(s) in Plan documents would be relied upon as a groundling for underpayment or denial of benefits;

- acted systematically in a manner which rendered the administrative appeal process a futile and meaningless endeavor, including specifically failing to state in a timely manner that anti-assignment clause(s) in Plan documents would be relied upon as a grounding for underpayment or denial of benefits.

# FIRST COUNT

## (Against Anthem Blue Cross)

**Enforcement Under 29 U.S.C. §1132 (a)(1)(B) For Failure to Pay ERISA Plan Benefits and For Recovery of Reasonable Attorney's Fees and Costs Under 29 U.S.C. § 1132 (g)(1)**

24. The allegations of the prior paragraphs (paragraphs 1 - 23) of this Complaint are hereby incorporated by reference in this First Count as if fully set forth at length.

25. This cause of action is alleged by Plaintiff for relief in connection with claims for medical services rendered in connection with healthcare benefits plans administered and/or underwritten by Anthem Blue Cross.

26. SJN seeks to recover ERISA Plan benefits and enforce rights to benefits payment under 29 U.S.C. §1132 (a)(1)(B); and under 29 U.S.C. §1132 (g)(1) for recovery of reasonable attorney's fees and costs. SJN has standing to pursue these claims as the assignee of member benefits. As the assignee of benefits, Plaintiff is a "beneficiary" entitled to collect benefits, and is the "claimant" for purposes of the

9

**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

1  ERISA statute and regulations.  ERISA authorizes actions under 29 U.S.C. § 1132
2  (a)(1)(B) to be brought directly against Anthem Blue Cross as the party with actual
3  control over the benefit and payment determinations with respect to SJN's claims.

4      27.    By reason of the foregoing, SJN is entitled to recover ERISA benefits
5  due and owing in an amount to be proven at trial, and SJN seeks recovery of such
6  benefits by way of the present action.

7      28.    29 U.S.C. § 1132 (g)(1) authorizes the Court to allow recovery of
8  reasonable attorney's fees and costs incurred in this action.  SJN has incurred, and
9  continues to incur, attorney's fees and costs in its pursuit of benefits, and is entitled to
10 recover its reasonable attorney's fees and costs in an amount to be proven at trial.

11     WHEREFORE, Plaintiff prays for judgment against Anthem Blue Cross as
12 follows:

13     1.    For damages against Anthem Blue Cross in an amount to be proven at
14 trial in connection with the healthcare benefits claim properly due and payable with
15 respect to the services rendered to patient HR under the terms of the ERISA Plan at
16 issue in this case.

17     2.    For interest at the applicable legal rate.

18     3.    For reasonable attorney's fees and costs in an amount to be proven at
19         trial.

20     4.    For such other relief as the Court may deem just and proper.

**Dated:** August 8, 2018        Respectfully submitted,

**LYTTON & WILLIAMS LLP**


By:    /s/ Richard D. Williams
_____
Richard D. Williams,
Attorneys for Plaintiff California Spine
And Neurosurgery Institute dba San Jose
Neurospine