UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA,<br><br>Defendant. | Case No. 18-cv-04777-PJH<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Before the court is defendant Blue Cross of California's ("Blue Cross") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

On August 8, 2018, plaintiff California Spine and Neurosurgery Institute dba San Jose Neurospine ("SJN" or "plaintiff") filed a complaint ("Compl.") alleging a single cause of action under 29 U.S.C. § 1132(a)(1)(B) for failure to pay Employee Retirement Income Security Act ("ERISA") plan benefits, and for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1). Dkt. 1. Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 21. On January 7, 2019, the court filed an order granting defendant's motion to dismiss with prejudice, (Dkt. 32), and entered judgment the same day, (Dkt. 33). Plaintiff appealed the judgment. Dkt. 34. On appeal, the Ninth Circuit reversed in part, vacated in part, and remanded for further proceedings. Dkt. 40. This court then ordered supplemental briefing from both parties regarding the

1  motion to dismiss on remand.  Dkt. 48.

2  SJN is a healthcare provider that provided medical services to an individual
3  patient, referred to by the parties as "HR."  Compl. ¶ 4.  HR is a member of an employer-
4  sponsored ERISA plan (the "Plan", Dkt. 21-2, Ex. A) administered by Blue Cross.  SJN
5  seeks payment from Blue Cross under the terms of the Plan for surgery services it
6  performed on HR on January 19, 2017.  Id. ¶ 10.  Prior to HR receiving treatment from
7  SJN, HR assigned HR's ERISA Plan rights and benefits to SJN in their entirety,
8  designating that SJN stands in the shoes of HR to seek, claim, and obtain anything that
9  the member/patient would have been entitled to receive under the applicable healthcare
10 coverage administered and/or underwritten by Blue Cross.  SJN attached a copy of that
11 assignment agreement to the complaint.  Id. ¶ 12 & Ex. B.

12 SJN alleges that as a general practice, prior to a patient's surgery, an SJN
13 representative would ordinarily speak to a representative of an underwriter or claim
14 administrator.  Those conversations would typically result in a claim administrator telling
15 SJN that a patient was covered by insurance, that SJN was an out-of-network provider,
16 and that the specific treatment SJN was calling about was covered and that the claim
17 administrator would pay some amount of the bill.  Id. ¶ 13.  After such calls, SJN would
18 ordinarily provide surgery.  Id. ¶¶ 13–14.

19 Plaintiff alleges that defendant never told SJN during any of their phone calls that
20 Blue Cross would argue that HR could not assign benefits under their ERISA plan to
21 SJN.  Id. ¶ 15.  If defendant would have stated that it intended to rely upon an anti-
22 assignment clause as a basis to bar payment, SJN would not have performed surgery on
23 HR.  Id.

24 SJN submitted its billing claim form to Blue Cross on or about February 2, 2017 in
25 the amount of $93,000.00.  Id. ¶ 10.  On August 14, 2017, Blue Cross processed and
26 paid the claim, but only in the amount of $2,095.34.  The Claim Status Detail report
27 prepared by Blue Cross showed that $1,396.89 was applied to patient co-insurance,
28 $601.15 was applied to patient deductible, and $88,906.62 of the billed amount was

deemed "non-covered" on the basis that it exceeded the maximum allowable amount. Id. ¶¶ 11, 20. On August 17, 2017,[1] SJN appealed the decision with Blue Cross, but Blue Cross did not respond. Id. ¶ 21.

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007) (citations and quotations omitted).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir.

---

[1] The complaint alleges this date was April 17, 2017. The court assumes this was a typo as it does not make sense that SJN appealed the payment prior to its issuance on August 14, 2017.

3

2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of a plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.   Analysis**

   **1.   The Court's Prior Order and Ninth Circuit's Opinion**

The dispositive issue throughout the proceedings to date has been whether plaintiff, as HR's healthcare provider, has standing under ERISA to bring a claim as an assignee of HR's right to reimbursement under the Plan. See DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc., 852 F.3d 868, 876 (9th Cir. 2017) ("[A] health care provider in appropriate circumstances *can* assert the claims of an ERISA participant or beneficiary." (citing Misic v. Bldg. Serv. Emps. Health and Welfare Tr., 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam)). As both parties acknowledge, the Plan contains an express anti-assignment provision that, if valid, would mean HR's right to reimbursement under the plan cannot be assigned to plaintiff. Id. ("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan." (quoting Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1481 (9th Cir. 1991)); Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1296 (9th Cir. 2014) ("Anti-assignment clauses in ERISA plans are valid and enforceable.").

The court's prior order on defendant's motion to dismiss made two findings with regard to the anti-assignment provision. First, the court determined that defendant did not waive the anti-assignment provision reasoning that the Plan did not need to raise the provision during the claim administration process and defendant could instead raise it during litigation. Dkt. 32 at 5. Second, the court found that plaintiff failed to satisfy three of seven equitable estoppel factors and, accordingly, defendant was not estopped from enforcing the anti-assignment provision. Id. at 9. Because defendant did not waive the anti-assignment provision and was not equitably estopped from asserting it, the provision controls and the assignment from patient HR to SJN was invalid. Id. Thus, plaintiff had no standing under ERISA to bring a claim. Id. The court determined that no amendment could cure these deficiencies, did not reach defendant's second argument that plaintiff failed to plead facts sufficient to state an ERISA claim, and dismissed the complaint with prejudice. Id.

On appeal, the Ninth Circuit held that the court erred in determining that waiver was inapplicable. Dkt. 40 at 2. The court reasoned that plaintiff alleged that it notified defendant that it would provide surgical services, that it later submitted a reimbursement claim, and defendant partially denied the claim on a basis other than the anti-assignment provision. Id. The court stated: "[t]hese allegations are sufficient to plead that Blue Cross waived its ability to rely on the anti-assignment provision." Id. The Ninth Circuit also held that the court erred in concluding that plaintiff failed to satisfy three equitable estoppel factors and further that plaintiff's allegations were sufficient to establish the three factors in contention. Id. at 3. The Circuit reversed the judgment as to waiver, vacated the judgment as to equitable estoppel, and ordered the court to consider the remaining estoppel factors on remand. Id.

Before applying the remaining equitable estoppel factors, the court addresses the threshold issue of the impact of the Ninth Circuit's opinion reversing judgment as to waiver. In its supplemental brief, defendant argues that plaintiff has not alleged sufficient facts to equitably estop defendant asserting the anti-assignment provision and further

5

urges the court to dismiss the complaint with prejudice because the anti-assignment clause would stand as a full defense against SJN's claim. Dkt. 49 at 4. Plaintiff responds that the Ninth Circuit's ruling concerning waiver precludes any full defense by Blue Cross. Dkt. 50 at 3. In reply, defendant contends that waiver and estoppel are separate issues and the filings and opinions to date have all operated on the assumption that either of the two findings (waiver and estoppel) would be sufficient grounds for dismissing the case if defendant were to prevail. Dkt. 51 at 3.

Defendant is correct that the two issues are independent from each other but draws the wrong conclusion from that premise. In its motion to dismiss, defendant argued that because of the anti-assignment provision, plaintiff lacked derivative authority to sue under ERISA. Dkt. 21 at 3–4. Plaintiff then offered two reasons why the anti-assignment provision was unenforceable: first, that defendant waived the anti-assignment provision and second, that defendant should be estopped from applying the anti-assignment provision. Dkt. 27 at 6. If plaintiff prevails on <u>either</u> contention, then defendant would <u>not</u> be able to assert the anti-assignment provision and, presumably, plaintiff could allege sufficient facts demonstrating that it has derivative standing to sue.

As Blue Cross recognizes, (Dkt. 51 at 4), the Ninth Circuit's decision in <u>Spinedex</u> differentiated between waiver and estoppel. There, the court cited <u>Harlick v. Blue Shield of California</u>, 686 F.3d 699, 719–20 (9th Cir. 2012), for the proposition that "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court." <u>Spinedex</u>, 770 F.3d at 1296. The court then found the <u>Harlick</u> rule inapplicable on the facts and next examined whether estoppel was available. <u>Id.</u> at 1296–97 ("But in the case before us, Defendants did not improperly assert a new reason in the district court."). The court then discussed the Fifth Circuit's opinion in <u>Hermann Hospital v. MEBA Medical & Benefits Plan</u>, 959 F.2d 569, 574 (5th Cir. 1992), <u>overruled on other grounds by</u> <u>Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.</u>, 698 F.3d 229 (5th Cir. 2012) (en banc) (per curiam), holding that a plan was estopped from asserting

6

an anti-assignment clause. Spinedex determined that the defendant was not aware that the plaintiff was acting as assignee and, thus, estoppel, like waiver, was inapplicable. See 770 F.3d at 1297.

The Ninth Circuit's opinion in this case, citing Spinedex, determined that plaintiff has sufficiently alleged "that Blue Cross waived its ability to rely on the anti-assignment provision." Dkt. 40 at 2. This means that, regardless of the equitable estoppel analysis, plaintiff has plausibly alleged that the anti-assignment provision does not apply and plausibly alleged sufficient facts that SJN has derivative standing to bring an ERISA claim. Significantly, the Ninth Circuit only determined that plaintiff's allegations were sufficient to plead waiver, not that waiver was conclusively established. Plaintiff will still need to prove waiver. With that consideration in mind, the court proceeds to examine whether plaintiff has pled sufficient facts to meet the equitable estoppel factors.

### 2. Remaining Equitable Estoppel Factors

Plaintiff alleges that defendant affirmed in advance that SJN was eligible to receive Plan benefits and would be paid for its services (Compl. ¶¶ 13(e) & 14), and that defendant failed to disclose the Plan's anti-assignment clause, (id. ¶ 15). To establish equitable estoppel in an ERISA case, plaintiff must allege sufficient facts to meet seven factors:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury . . . . [5] extraordinary circumstances; [6] that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect; and [7] that the representations made about the plan were an interpretation of the plan, not an amendment or modification of the plan.

Gabriel v. Alaska Elec. Pension Fund, 773 F.3d 945, 955 (9th Cir. 2014) (citations and quotation marks omitted). In this case, the Ninth Circuit determined that plaintiff alleges sufficient facts to establish the third, six, and seventh factors, i.e., "that it was not aware of the true facts, the anti-assignment provision was ambiguous, and Blue Cross's

7

representations were not an impermissible amendment or modification of the plan." Dkt. 40 at 2.

### a.     First Factor

The first factor requires defendant to know the facts.  Plaintiff alleges that its office personnel contacted defendant's representative by telephone to discuss the proposed surgery by telephone in advance of the services performed.  Compl. ¶ 13.  This is sufficient to allege that defendant knew the facts concerning the proposed surgery.

### b.     Second Factor

The second factor requires defendant to intend that its conduct shall be acted on or must so act that plaintiff has a right to believe it is so intended.  Plaintiff alleges that defendant established a toll-free line to verify the existence of coverage for the patient and eligibility of SJN for the payment of benefits.  Id.

Defendant argues that if Blue Cross had intended to induce SJN's detrimental reliance by failing to mention the anti-assignment clause during the benefits verification phone call and then sandbagging SJN when the bill came due, it would not have paid SJN anything at all.  Dkt. 49 at 9–10.  Defendant's contention relates to conduct that occurred after plaintiff's alleged reliance, that is Blue Cross ultimately paid out a portion of plaintiff's claim, but this occurred well after the verification call upon which plaintiff relied to perform the surgery.

Plaintiff's allegation is sufficient to demonstrate that defendant intended for SJN to rely on its statement.

### c.     Fourth Factor

The fourth factor requires plaintiff to allege that it relied on defendant's representation to its injury.  Here, plaintiff alleges that it reasonably relied on defendant's representations by providing surgery services to patient HR in response to the affirmation that SJN was eligible to receive benefits.  Compl. ¶ 14.  Plaintiff also alleges it was injured by defendant failing to pay the full amount owed for the surgery.

This plausibly alleges reliance by plaintiff to its detriment.

### d. Fifth Factor

The fifth factor requires extraordinary circumstances. The Ninth Circuit has yet to define what precisely constitutes extraordinary circumstances, but, as defendant cites, Gabriel, 773 F.3d at 957, provides a few examples of extraordinary circumstances. Defendant characterizes these examples as: making a promise that the defendant reasonably should have expected to induce action or forbearance on the plaintiff's part, conduct suggesting the employer sought to profit at the expense of its employees, repeated misrepresentations over time, or evidence that plaintiffs are particularly vulnerable. Dkt. 49 at 7. Defendant argues that the allegations in the complaint do not rise to the level of extraordinary circumstances cited in Gabriel. Id.

Plaintiff responds that whether extraordinary circumstances applies is context dependent. Dkt. 50 at 7. Plaintiff points out that the Ninth Circuit's conclusion that the anti-assignment clause was ambiguous allows for the clause to be applied by defendant in ways that involve particular vulnerability where the plan members and their assigns are concerned. Id. Next, plaintiff argues that defendant's failure to follow Spinedex and Harlick by holding the anti-assignment clause in reserve during the claim administration process is itself extraordinary conduct. Id. at 8. Finally, plaintiff also points to the particular facts of this case, where SJN submitted a claim in the amount of $93,000 and Blue Cross chose to ignore the usual, reasonable, and customary billing practices and instead relied on the maximum allowable amount to deny $88,906.62 of the claim. Id. at 9.

"[C]ourts have found extraordinary circumstances where a 'plaintiff repeatedly and diligently inquired about benefits and the defendant repeatedly misrepresented the scope of coverage available to the plaintiff over an extended course of dealing.'" Schonbak v. Minn. Life, 2016 WL 9525592, at *6 (S.D. Cal. Sept. 30, 2016) (quoting Biba v. Wells Fargo & Co., 2010 WL 4942559, at *12 (N.D. Cal. Nov. 10, 2010); and citing Curcio v. John Hancock Mut. Life. Ins. Co., 33 F.3d 226, 238 (3d Cir. 1994)). Extraordinary circumstances also exist where "a promise that it reasonably should have expected to

9

induce action or forbearance on the plaintiff's part." Gabriel, 773 F.3d 957 (quoting Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 86 (2d Cir. 2001)).

None of the foregoing examples of extraordinary circumstances appear analogous to the facts alleged in the complaint.  For example, the complaint alleges one benefits verification call conducted prior to the surgery, (Compl. ¶ 14), but not repeated misrepresentations over an extended course of dealing.  Additionally, SJN is a healthcare provider that, according to the complaint, has repeated experience dealing with insurance companies, (id. ¶ 13), and there is no allegation that plaintiff is particularly vulnerable.

Nor is the court persuaded that this is a promise that defendant reasonably should have expected to induce action or forbearance on the plaintiff's part.  Plaintiff alleges that "in each telephone communication the Defendant entity representative advised Plaintiff's representative that Plaintiff was eligible to receive payment as an out of network provider, and at no time was any statement made that an anti-assignment clause would be asserted by Anthem Blue Cross . . . ." Id. ¶ 15.  Based on the complaint, this appears to be a routine pre-surgery benefits verification call that has no other indicia of extraordinary circumstances.  If it were the case that detrimental reliance alone was sufficient to meet this factor, then it would collapse entirely into the second and fourth factors.

At this stage, plaintiff has failed to allege facts meeting the fifth element of equitable estoppel.  However, given the Ninth Circuit's lack of clarity on what precisely constitutes an "extraordinary circumstance" and the lack of clarity surrounding the circumstances of the benefits verification call, plaintiff is free to re-assert its argument at a later stage with a more developed record.

In sum, the court finds plaintiff fails to allege facts that satisfy all seven factors necessary to equitably estop defendant from asserting the anti-assignment provision.  Because the Ninth Circuit has determined that plaintiff sufficiently pled waiver of the anti-assignment provision, the court proceeds to address defendant's remaining argument in the original motion to dismiss.

///

### 3. Whether Plaintiff Pleads Facts Sufficient to State a Claim

Finally, in its motion to dismiss, defendant argued that plaintiff had failed to plead facts sufficient to state an ERISA claim. Dkt. 21 at 4. The court did not reach defendant's argument in the prior order and does so now.

Defendant argues that to state a claim for denial of benefits under ERISA, a plaintiff must allege plausible facts demonstrating that the plaintiff was owed benefits under the plan. Id. According to defendant, a plaintiff must identify a specific plan term that confers the benefit in question and defendant asserts that plaintiff has not done so in the complaint. Id. at 5.

In response, plaintiff cites portions of the complaint where plaintiff alleges the charges for healthcare services submitted by SJN were in all instances the usual, customary, and reasonable charge. Dkt. 27 at 16 (citing Compl. ¶ 16). Plaintiff also alleges that defendant abused its discretion by refusing to pay SJN's claim in accordance with ERISA requirements. Compl. ¶ 16. Plaintiff then cites the Plan, which defendant attached as an exhibit to its motion to dismiss, which has a provision discussing how covered expenses are determined and contains similar language to the complaint. Dkt. 27 at 17.

Title 29 U.S.C. § 1132(a)(1)(B) permits recovery of benefits due "under the terms of [an ERISA] plan." "To state a claim under that section, a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits. A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co., 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)).

Here, plaintiff alleges that "[p]atient HR is a member of an ERISA Plan issued by Bank [of the] West" and attached a copy of the patient's Blue Cross member card to the complaint. Compl. ¶ 7 & Ex. A. Exhibit A lists the group number and plan code which

11

easily identifies the ERISA plan in question. It is evident that plaintiff's allegations are sufficient to identify the existence of an ERISA plan because defendant attached a copy of the Plan to its motion to dismiss. See Dkt. 21-2.

With respect to the provisions of the plan that entitle plaintiff to benefits, the complaint alleges that "[t]he charges for healthcare services submitted by SJN to Anthem Blue Cross were in all instances usual, customary and reasonable, and in accord with SJN's charges to non-Medicare patients insured by companies other than the Defendant entities." Compl. ¶ 16. Plaintiff also alleges that it routinely calls defendant's representative to confirm that coverage existed for the patient prior to surgery and that the benefits were properly payable to SJN as an "out-of-network" provider. Id. ¶ 13.

While the pleadings are not particularly concise or specific as to an exact page or section number in the Plan corresponding to a specific benefit, plaintiff sufficiently alleges that the benefit in question is the charge for HR's surgery should be the usual, customary, and reasonable rate for an out-of-network provider.[2] For that reason, this case is similar to In re WellPoint, Inc. Out-of-Network UCR Rates Litigation, 865 F. Supp. 2d 1002, 1040 (C.D. Cal. 2011), where the court determined that the plaintiffs sufficiently identified specific plan terms promising medical reimbursement benefits at the lesser of the billed charge or the usual, customary, and reasonable rate.

In sum, plaintiff pleads sufficient factual allegations to state a claim under 29 U.S.C. § 1132(a)(1)(B).

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint is DENIED. As stated herein, the determinations by the Ninth Circuit and this court are limited to whether plaintiff plausibly states a claim that it is entitled to relief; plaintiff will

---

[2] Plaintiff identifies the provision relating to covered expenses in its opposition. Dkt. 27 at 16–17. While the court agrees with defendant that plaintiff cannot rely on "new" allegations in its opposition, (Reply at 6), dismissing the complaint only to have plaintiff re-allege the specific provision quoted in the opposition is not worthwhile use of the court's resources, especially as this case has yet to proceed past the pleading stage over two years after it was filed.

12

need to prove its contentions at a motion for summary judgment (or trial).

Separately, the court notes that plaintiff's redactions of patient HR's information in the exhibits attached to the complaint are insufficient to protect HR's privacy as required by Federal Rule of Civil Procedure 5.2(a).[3]  Good cause appearing, the court, therefore, ORDERS plaintiff to re-file its exhibits with redactions that meet the requirements of Rule 5.2.

**IT IS SO ORDERED.**

Dated: September 25, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[3] Specifically, patient HR's identifying information, including HR's birthday, remains legible despite plaintiff's attempt at applying a black marker redaction to that information. See Compl., Ex. C.  Moreover, there are multiple "check the box" options and plaintiff only redacted the box checked by the patient, which means it is quite obvious which box the patient selected.  The court admonishes plaintiff in all future filings to take appropriate steps to protect its patients' privacy, which as a healthcare provider, it almost certainly has a legal duty to do.